UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LUCY PATTERSON,

           Plaintiff,

      v.              6:13-CV-817
                    (FJS)

CAROLYN W. COLVIN,
as Commissioner of the Social Security Administration,

           Defendant.
_____

**APPEARANCES**            **OF COUNSEL**

**OFFICE OF PETER W.**         **PETER W. ANTONOWICZ, ESQ.**
**ANTONOWICZ**
148 West Dominick Street
Rome, New York 13440
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **SERGEI ADEN, ESQ.**
**OFFICE OF REGIONAL**
**GENERAL COUNSEL – REGION II**
26 Federal Plaza – Room 3904
New York, New York 10278
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

  Plaintiff Lucy Patterson brought this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the

"Commissioner"), denying her application for Disability Insurance Benefits ("DIB"). *See generally* Dkt. Nos. 1, 13. Currently before the Court are the parties' cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See* Dkt. Nos. 13, 14.

## II. PROCEDURAL HISTORY AND BACKGROUND

Plaintiff filed an application for DIB on September 27, 2010, alleging disability dating back to June 29, 2010. *See* Administrative Record ("AR") at 106-10. The Commissioner denied Plaintiff's application on December 3, 2010. *See id.* at 69-72. Plaintiff timely filed a written request for a hearing, which was held before Administrative Law Judge Bruce S. Fein ("ALJ"). *See id.* at 26-34. Plaintiff was not represented at the hearing. *See id.* at 41. On August 15, 2011, the ALJ issued a written decision in which he made the following findings "[a]fter careful consideration of the entire record."

1) Plaintiff "meets the insured status requirements of the Social Security Act through December 31, 2014."
2) Plaintiff had not "engaged in substantial gainful activity since June 29, 2010, the alleged onset date."
3) Plaintiff "has the following severe impairments: neck and back pain."
4) Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."
5) "After careful consideration of the entire record, I find that [Plaintiff] has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b)."
6) Plaintiff "is unable to perform past relevant work."
7) Plaintiff "was born on July 17, 1958, and was 51 years old, which is defined as an individual closely approaching advanced age, on the established disability onset date."
8) Plaintiff "has at least a high school education and is able to communicate in English."
9) "Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "not disabled," whether or not [Plaintiff] has transferable job skills."

10) "Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the [Plaintiff] could perform."
11) Plaintiff "has not been under a disability, as defined in the Social Security Act, from June 29, 2010, through the date of this decision."

*See* AR at 28-33 (citations omitted).

The ALJ's decision became the Commissioner's final decision on June 24, 2013, when the Appeals Council of the Social Security Administration denied Plaintiff's request for review. *See* AR at 1-4. Plaintiff then commenced this action on July 11, 2013, filing a supporting brief on January 2, 2014. *See* Dkt Nos. 1, 13. Defendant filed a response brief on February 18, 2014. *See* Dkt. No. 14.

In support of her motion, Plaintiff advances two principal arguments. First, she argues that the ALJ erred by not finding that her bi-lateral carpal tunnel syndrome was a severe impairment. Relatedly, Plaintiff argues that the ALJ failed to seek further documentation from her treating physician concerning her bi-lateral carpal tunnel syndrome. Second, Plaintiff argues that there was not substantial evidence supporting the ALJ's finding that she can perform the full range of light work and that the ALJ improperly evaluated her credibility with respect to her subjective allegations of pain. *See* Dkt. No. 13, Pl.'s Br., at 3.

### III. DISCUSSION

Absent legal error, a court will uphold the Commissioner's final determination if there is substantial evidence to support it. *See* 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence to mean "'more than a mere scintilla'" of evidence and "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). To be eligible for DIB, a claimant must show that she suffers from a disability within the meaning of the Act. The Act defines

"disability" as an inability to engage in substantial gainful activity ("SGA") by reason of a medically determinable physical or mental impairment that can be expected to cause death or last for twelve consecutive months. *See* 42 U.S.C. § 1382c(a)(3)(A). To determine if a claimant has sustained a disability within the meaning of the Act, the ALJ follows a five-step process:

> 1) The ALJ first determines whether the claimant is engaged in SGA. *See* 20 C.F.R. §§ 416.920(b), 416.972. If so, the claimant is not disabled. *See* 20 C.F.R. § 416.920(b).
>
> 2) If the claimant is not engaged in SGA, the ALJ determines if the claimant has a severe impairment or combination of impairments. *See* 20 C.F.R. § 416.920(c). If not, the claimant is not disabled. *See id*.
>
> 3) If the claimant has a severe impairment, the ALJ determines if the impairment meets or equals an impairment found in the appendix to the regulations (the "Listings"). If so, the claimant is disabled. *See* 20 C.F.R. § 416.920(d).
>
> 4) If the impairment does not meet the requirements of the Listings, the ALJ determines if the claimant can do her past relevant work. *See* 20 C.F.R. § 416.920(e), (f). If so, she is not disabled. *See* 20 C.F.R. § 416.920(f).
>
> 5) If the claimant cannot perform her past relevant work, the ALJ determines if she can perform other work, in light of her RFC, age, education, and experience. *See* 20 C.F.R. § 416.920(f), (g). If so, then she is not disabled. *See* 20 C.F.R. § 416.920(g). A claimant is only entitled to receive disability benefits if she cannot perform any alternative gainful activity. *See id*.

For this test, the burden of proof is on the claimant for the first four steps and on the Commissioner for the fifth step, if the analysis proceeds that far. *See Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998) (quotation omitted).

### A. ALJ's step-two finding

At step two of the disability analysis, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c). In order to be severe, an impairment or combination of impairments must "significantly limit[] your physical or mental ability to do basic work activities[.]" *Id.* An impairment or combination of impairments fails to meet this standard when the evidence "establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work . . . ." Social Security Ruling ("SSR") 85-28, 1985 WL 56856, *3 (1985). During the step-two severity analysis, "evidence about the functionally limiting effects of an individual's impairment(s) must be evaluated" and "symptom-related limitations and restrictions must be considered at this step of the sequential evaluation process . . . ." SSR 96-3p, 1996 WL 374181, *2 (July 2, 1996).

In this case, Plaintiff argues that the ALJ erred by not finding that her bi-lateral carpal tunnel syndrome amounted to a severe impairment. In support of this argument, Plaintiff points to a note by her treating physician, Dr. Kim, which noted before her carpal tunnel surgery that Plaintiff "may or may not get full recovery." *See* Dkt. No. 13, Pl.'s Br., at 11 (quoting AR at 384). Dr. Kim's note, viewed together with Plaintiff's post-surgery complaints of numbness and tingling in her hands, she argues, show that her carpal tunnel amounted to a significant limitation on her ability to work. *See id.*

The ALJ found that Plaintiff's bi-lateral carpal tunnel syndrome "do[es] not cause any work-related limitations and [is] therefore, non-severe." *See* AR at 28. In particular, Dr. Kim cleared Plaintiff to return to work without limitations on July 25, 2011, approximately three weeks after her second of two carpal tunnel surgeries. *See* AR at 380. At this visit, Dr. Kim

noted an absence of limitations arising from Plaintiff's carpal tunnel: "The surgical scars from endoscopic carpal tunnel release of both hands are completely benign. She has excellent thenar muscle functions. There is good distal circulation and sensation. She has full range of flexion and extension of both hands and wrists bilaterally." *See id.* Dr. Kim's annotations from this visit make no mention of any limitations arising from Plaintiff's carpal tunnel syndrome.[1]

Moreover, consultative physician, Dr. Ganesh, examined Plaintiff on November 16, 2010. *See* AR at 313. Dr. Ganesh noted "[h]and and finger dexterity intact" and "[g]rip strength 5/5 bilaterally." *See id.* at 312. Additionally, Dr. Ganesh opined that there were no difficulties noted with the use of Plaintiff's hands. *See id.* at 313. Notably, this examination took place before Plaintiff's carpal tunnel surgeries. In light of the foregoing, the Court finds that there was substantial evidence in the record to support the ALJ's finding that Plaintiff's bilateral carpal tunnel syndrome resulted in "no more than a minimal effect" on her ability to work. SSR 85-28, 1985 WL 56856, at *3.

---

[1] Furthermore, to the extent that Plaintiff argues that the ALJ was obligated to seek further documentation from Dr. Kim, the Court finds this argument to be without merit. "By statute, an ALJ is duty bound to develop a claimant's complete medical history for at least twelve months prior to the filing of an application for benefits, 'but also to gather such information for a longer period *if there [is] reason to believe that the information [is] necessary to reach a decision.*'" *Simpson ex rel. Z.J.M. v. Comm'r of Soc. Sec.*, No. 10-CV-0760, 2012 WL 3201958, *7 (N.D.N.Y. Aug. 3, 2012) (emphasis added) (quoting *DeChirico v. Callahan*, 134 F.3d 1177, 1184 (2d Cir. 1998)). In this case, the ALJ had extensive treatment records from Dr. Kim, including the opinion that Plaintiff could return to work without limitations. Accordingly, the Court finds that the ALJ had sufficient records from Dr. Kim to support a valid finding.

Additionally, Plaintiff submitted supplemental records from Dr. Kim, in which he noted "no problem with the right hand" and "no intrinsic muscle weakness" in Plaintiff's left hand despite "marked weakness of the left thenar muscle function" on December 9, 2011. *See* AR 422. Dr. Kim opined that "I suspect with time her symptoms will further resolve. For that reason[,] she is to continue with normal activities . . . ." *See id.* The Court finds this evidence insufficient to compel a reversal of the ALJ's finding in light of the substantial evidence, noted above, upon which the ALJ relied.

**B. ALJ's residual functional capacity analysis**

Between steps three and four, the ALJ must determine the claimant's residual functioning capacity ("RFC"), which is defined as "the most you can still do [in a work setting] despite your limitations." 20 C.F.R. § 416.945(a)(1); *see also* § 416.920(e). The RFC analysis considers "all of the relevant medical and other evidence," which includes "descriptions and observations of your limitations from your impairment(s), including limitations that result from your symptoms, such as pain, provided by you . . . ." *See* 20 C.F.R. § 416.945(a)(3). The claimant bears the burden of demonstrating that functional limitations preclude substantial gainful activity. *See* 20 C.F.R. § 404.1545(a)(3).

In part, the RFC analysis entails a finding as to the claimant's ability to perform the physical exertion requirements of work in the national economy. *See* 20 C.F.R. § 404.1567. As it applies to this case, the Commissioner defines "light work" as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing . . . ." *See* 20 C.F.R. § 404.1567(b).

In this case, Plaintiff advances two arguments challenging the ALJ's RFC analysis. First, Plaintiff argues that the ALJ's finding that Plaintiff can perform the full range of light work is incompatible with his finding that she cannot perform her past relevant work as an assembler and home health aide which, she argues, fall within the Commissioner's definition of light work. *See* Dkt. No. 13, Pl.'s Br. at 12-15. In other words, according to Plaintiff, if she is unable to perform her past relevant work, then it follows that she cannot perform the full range of light work.[2]

---

[2] The logic of this argument does not hold water because it reverses the sequential steps of the disability analysis. Moreover, it is clear that the ALJ was "[g]iving the benefit of the doubt," *see*

However, Plaintiff does not point to any credible evidence in the administrative record that would compel a different RFC finding, and the Court's review of the record reveals no such evidence. To the contrary, the ALJ's written decision carefully considered several sources of medical evidence, together with Plaintiff's subjective allegations of pain. In particular, the ALJ made note of the fact that no treating or examining physician assessed limitations more restrictive than the requirements of light work. *See* AR at 32. Moreover, the Court finds that the ALJ properly applied the relevant two-step inquiry in finding that Plaintiff's subjective statements about the intensity, persistence, and limiting effects were only partially credible. *See* SSR 96-7p, 1996 WL 374186, *2 (July 2, 1996); *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010). For these reasons, the Court finds that there was substantial evidence to support the ALJ's finding with respect to Plaintiff's residual functional capacity and that the ALJ applied the appropriate legal standards in so finding. *See* 20 C.F.R. §§ 416.920(e), 416.945.

## IV. CONCLUSION

Having reviewed the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for judgment on the pleadings, *see* Dkt. No 13, is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings, *see* Dkt. No. 14, is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED** and Plaintiff's complaint is **DISMISSED**; and the Court further

---

AR at 33, to Plaintiff in finding her unable to perform past relevant work because, had he found otherwise, the analysis would not have proceeded any further.

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: March 28, 2016
      Syracuse, New York

                                        Frederick J. Scullin, Jr.
                                        Senior United States District Judge